IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MIDDLEGATE DEVELOPMENT, LLP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 10-0565-WS-C** |
| | ) | |
| **HOWARD BEEDE**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This matter comes before the Court on the Motion for Leave to Add Counterclaim Defendants (doc. 15) filed by defendants/counterclaim plaintiffs, Howard and Nancy Beede. Plaintiff/counterclaim defendant, Middlegate Development, LLP, has filed a memorandum (doc. 17) in opposition to the Motion.

**I.      Nature of the Case.**

Middlegate Development, LLP, brought this action against defendants Howard Beede, Nancy Beede and Central Illinois Land Title Company concerning a purchase agreement for Unit A-206 at The Beach House Condominium in Gulf Shores, Alabama. According to the Complaint (doc. 1), Middlegate agreed to purchase Unit A-206 from the Beedes back in November 2004, and, in furtherance of that agreement, ultimately deposited more than $175,000 in cash with defendant Central Illinois, the escrow agent on the transaction. The Complaint further alleges that the developer has yet to obtain financing for the contemplated condominium redevelopment, which has never been built, such that a necessary condition precedent to Middlegate's purchase obligation has not been met.[1] Nonetheless, the Complaint states, Central

---

[1] The Complaint includes an allegation that the parties "acknowledged that the proposed redevelopment contemplated demolition and removal of the existing improvements, and the construction of a larger multi-unit residential condominium building on the property." (Doc. 1, ¶ 11.) For their part, the Beedes deny this allegation. (Doc. 14, ¶ 11.)

Illinois wrongfully refused to return Middlegate's escrowed funds and, in fact, released such funds to the Beedes, who in turn wrongfully retained and disposed of such funds, all to Middlegate's detriment. On that basis, Middlegate brings causes of action for declaratory judgment; professional negligence, wantonness and breach of fiduciary duty by Central Illinois; conversion by the Beedes; and conspiracy by all defendants.

On January 6, 2011, the Beedes filed an Answer and Counterclaim (doc. 14), denying liability and lodging counterclaims against Middlegate on theories of declaratory judgment, specific performance, intentional trespass and conversion. The Counterclaim alleges that Middlegate (repeatedly referenced therein as "Buyers" despite its singular status) demolished the previous condominium improvements at that location, including the Beedes' unit, with neither legal right nor permission to do so. The Beedes demand that Middlegate "pay the balance owed them" on the purchase agreement or, in the alternative, "convey to the Beedes a unit comparable to that which the Beedes previously had." (Doc. 14, at 5.) The Beedes also seek monetary damages for Middlegate's "razing of the Beach House Condominium including the Beedes' Unit," which the Beedes say amounts to intentional trespass and conversion of their property. (*Id.*)

## II.     The Beedes' Motion for Leave to Add Counterclaim Defendants.

Contemporaneously with their Answer and Counterclaim, the Beedes moved for leave of court to add Casa Del Mar Development, LLC and Paul Stewart as counterclaim defendants. In support of this request, the Beedes explain that Casa Del Mar "is an interested party" because it "was to obtain financing and implement the proposed redevelopment plan for the Beach House Condominium site, which included Unit A-206." (Doc. 15, ¶ 4.) The Beedes further assert that Stewart "is an interested party to the agreements between Plaintiff and Defendants as demonstrated by his signature in his individual capacity on the addendum related to a 1031 tax deferred exchange." (*Id.*, ¶ 5.) Significantly, the Beedes do not specify which causes of action they intend to assert against Casa Del Mar and Stewart, nor do they explain how those entities' purported status as "interested parties" translates into liability in this case. The Beedes also do not append a proposed Amended Answer and Counterclaim to their Motion. Instead, they simply reproduce language from Rules 13(h), 19(a) and 20(a) of the Federal Rules of Civil Procedure, and state in conclusory terms that those legal standards for joinder of additional counterclaim defendants are satisfied here.

As an initial matter, movants are correct that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim." Rule 13(h), Fed.R.Civ.P. In turn, Rule 19 requires joinder of a party in whose absence "the court cannot accord complete relief among existing parties." Rule 19(a)(1)(A). And Rule 20 authorizes permissive joinder of a defendant against whom a right to relief is asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," provided that "any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2).

As postured, the Beedes' Motion does not make a sufficient showing to justify joinder of Casa Del Mar and Stewart under either Rule 19 or Rule 20. The Beedes' Counterclaim against Middlegate is predicated squarely on allegations that Middlegate wrongfully demolished the previous condominium development, including the Beedes' unit therein. Indeed, the crux of the "declaratory judgment/specific performance" claim is that Middlegate "demolished said Unit anyway," despite not being authorized to do so by the applicable purchase agreement between Middlegate and the Beedes, "leaving the Beedes in a position where they received only a portion of the money due them for the purchase of their Unit, yet were left with no Unit which they can use." (Doc. 14, ¶ 59.) Likewise, the Beedes' "intentional trespass/conversion" counterclaim against Middlegate proceeds on the theory that Middlegate "raz[ed] … the Beach House Condominium including the Beedes' Unit, without a property interest sufficient to do so and without the permission of the Beedes." (*Id.*, ¶ 61.)

The critical question is this: What does Middlegate's alleged destruction of the Beedes' unit (the animating force of the existing Counterclaim) have to do with the proposed new counterclaim defendants? Movants have identified no link whatsoever between them. To be sure, the Beedes state that Casa Del Mar is an "interested party" because it was to finance the redevelopment and that Stewart is an "interested party" because he signed a 1031 deferred tax exchange form. But those entities' amorphous "interests" in some aspect of perhaps-related transactions or activities does not, without more, demonstrate that this Court cannot accord complete relief among the existing parties without the presence of Casa Del Mar and Stewart. Nor does it establish that any right to relief the Beedes may have against Casa Del Mar and Stewart (pursuant to legal theories never identified by movants' filings) arises from the same transactions or occurrences as their counterclaims against Middlegate, much less present common questions of law and fact. Again, the Beedes' claims against Middlegate are framed in

terms of Middlegate's improper demolition of the Beedes' unit without compensation. Yet the Beedes do not suggest that their proposed (albeit unarticulated) counterclaims against Casa Del Mar and Stewart have anything to do with the razing of the Beedes' unit. There is no indication that Casa Del Mar and Stewart were parties to the underlying purchase agreement. There is no hint that Casa Del Mar and Stewart destroyed the Beedes' unit. In short, the necessary legal foundation to justify the joinder of new parties to the Beedes' existing counterclaims against Middlegate has not been established. The Court will neither speculate at the existence of some hidden factual or legal link between the existing and the proposed counterclaims, nor assume that such a link must exist because those entities are alleged to have an "interest" in some aspect of the condominium development that appears factually and legally attenuated to the events at issue in the Beedes' present counterclaims.

**III. Conclusion.**

For all of the foregoing reasons, the Motion for Leave to Add Counterclaim Defendants (doc. 15) is **denied**.

DONE and ORDERED this 4th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE